CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
APR 13 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| RHONDA N. WADE, | CASE NO. 4:11CV00044 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE,<br>Commissioner of SSA, | |
| Defendant. | By: B. Waugh Crigler<br>U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's February 22, 2010 protectively-filed application for Supplemental Security Income ("SSI") is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on June 29, 2011, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since February 22, 2010, her application date. (R. 16.) The Law Judge determined plaintiff's chronic back pain and fibromyalgia were severe impairments, but that she did not suffer an impairment or combination of impairments which met or medically equaled a listed impairment. (*Id.*) The Law Judge found

that plaintiff retained the residual functional capacity ("RFC") to perform a full range of sedentary work.[1] (*Id.*) The Law Judge concluded that her RFC precluded her from returning to her past relevant work as a cashier, but that jobs existed in substantial numbers in the national economy that she could perform. (R. 19.) Thus, the Law Judge ultimately found that plaintiff was not disabled under the Act. (R. 20.)

Plaintiff appealed the Law Judge's June 29, 2011 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff's sole argument is that the Law Judge's credibility finding is not consistent with Social Security Ruling ("SSR")[2]

---

[1] "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 416.967(a).
[2] Social Security Rulings are the Social Security Administration's interpretations of the Social Security Act. *Pass v. Chater*, 65 F.3d 1200, 1204 n. 3 (4th Cir. 1995). "[T]hey are entitled to

2

96-7p, and, thus, not supported by substantial evidence. (Pl's Brief, pp. 3-6.) The undersigned disagrees.

There is a two-step process for evaluating subjective complaints. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). The two-step process corresponds with SSR 96-7p and the regulations at 20 C.F.R. § 416.929. At step one, the Law Judge must determine whether there is objective medical evidence showing the existence of a medical impairment that reasonably could be expected to produce the pain or symptoms alleged. *Craig*, 76 F.3d at 594. At step two, the Law Judge must evaluate the intensity and persistence of the claimant's pain or other symptoms alleged based on all the evidence in the record, including the claimant's testimony. *Id.* at 595. Step two of the credibility analysis involves consideration of the claimant's statements of pain and other alleged symptoms, as well as factors such as: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain or other symptoms; (3) precipitating or aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatments, other than medication, received for relief of symptoms; (6) measures used to relieve symptoms; and (7) other factors concerning functional limitations and restrictions caused by symptoms. 20 C.F.R. § 416.929(c)(3).

At step one in his credibility assessment, the Law Judge found that that plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (R. 17.) At step two, the Law Judge found that plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent they were "inconsistent" with the finding that she could perform a full range of sedentary work.

deference unless they are clearly erroneous or inconsistent with the law." *Id.* (citing *Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989)).

3

(*Id.*) For the reasons that follow, the undersigned finds that the Law Judge's credibility determination is consistent with SSR 96-7p and the regulations and is supported by substantial evidence.

The Law Judge found that the medical evidence did not support plaintiff's allegations that she was not capable of performing sustained work activity. (R. 17.) Specifically, the Law Judge noted that, while the evidence supported plaintiff's claims that she suffers some limitations as a result of her chronic back pain, the record did not suggest that she was debilitated by the condition. (R. 18.)

The Law Judge's credibility finding is supported by the records from plaintiff's treating orthopedist, Francis H. Shen, M.D. On March 25, 2010, Dr. Shen noted that he was following plaintiff for neck and arm and back and leg pain. (R. 347.) The orthopedist noted that plaintiff was applying for disability and expressed his opined that "from a spine standpoint there would be no reason that she could not do some degree of work." (*Id.*)

The Law Judge's credibility finding also is supported by the records from a July 20, 2010 consultative examination with Nadia Meyer, M.D., a physician with the Virginia Department of Rehabilitative Services. (R. 427-431.) Dr. Meyer diagnosed plaintiff as suffering with chronic low back pain with point tenderness and a history of fibromyalgia with trigger points. (R. 430.) The physician noted that plaintiff did not use a medically-indicated assistive device and opined that she could be expected to stand and walk for four hours in an eight-hour workday. (*Id.*) Dr. Meyer further opined that plaintiff could sit for four hours in an eight-hour workday and would be able to lift and carry fifteen pounds. (*Id.*) The physician found that plaintiff suffered no postural limitations on bending, stooping, or crouching and had no manipulative limitations on

reaching, handling, feeling, grasping and fingering. (*Id.*) Finally, Dr. Meyer opined that plaintiff suffered no relevant visual, communicative or workplace environmental limitations. (R. 431.)

Having found that the Law Judge's credibility determination is consistent with SSR 96-7p and the regulations, and that it is supported by substantial evidence, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

4/13/12
Date